UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANDREA C. LAYGO et al,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>WORLD SAVINGS BANK et al,<br><br>　　　　　　Defendants<br>_____/ | No. C 12-05531 LB<br><br>**AMENDED ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: ECF No. 1]** |

　　Plaintiffs Andrea C. Laygo, Teresito M. Laygo, and Teresito Joselito Catalan (collectively, "Plaintiffs") filed a complaint against Defendants World Savings Bank and Golden West Savings Association Service Company (collectively, "Defendants") on October 26, 2012. Complaint, ECF No. 1 at 1.[1] This means that, pursuant to the Federal Rule of Civil Procedure 4(m), Plaintiffs had until February 23, 2013 to serve Defendants. Fed. R. Civ. P. 4(m); *see also* Order to Show Cause, ECF No. 9 at 1. To date, Plaintiffs have filed no proof that Defendants have been served. *See generally* Docket. Because Plaintiffs had not filed any proof that Defendants had been served, on March 5, 2013, the court ordered Plaintiffs to show cause, by filing a written response by March 21, 2013, why this case should not be dismissed without prejudice for failure to prosecute. Order to Show Cause, ECF No. 9 at 1. The clerk of the court served Plaintiffs by mail, but all

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05531 LB
ORDER; REPORT AND RECOMMENDATION

correspondence to Plaintiffs has been returned undeliverable. *See* Dkt. Entries at ECF Nos. 4, 5, 7, 8, 10.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, at least four factors favor dismissal. There is nothing in the record indicating that any Defendants have been served, Plaintiffs have not filed any notification regarding a change in address, and they have not prosecuted the case. This is not "expeditious litigation," and the court must keep the cases on its docket moving. Also, there is no risk of prejudice to Defendants.

Because no party has consented to or declined the undersigned's jurisdiction, the court **ORDERS** the Clerk to the Court to reassign this action to a district court judge. The court **RECOMMENDS** that the newly-assigned district court judge dismiss this action without prejudice for failure to prosecute. The March 28, 2013 show cause hearing is **VACATED**. Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: March 28, 2013

_____
LAUREL BEELER
United States Magistrate Judge