1

2

3

4

5

6

7

8            UNITED STATES  DISTRICT COURT

9              Northern District of California

10              San Francisco Division

11   ANDREA C. LAYGO et al,                    No. C 12-05531 LB

12                                             **AMENDED ORDER THAT CASE BE**
                       Plaintiffs,             **REASSIGNED TO A DISTRICT**
13        v.                                   **COURT JUDGE**

14                                             **REPORT AND RECOMMENDATION**
     WORLD SAVINGS BANK et al,
15                                             **[Re: ECF No. 1]**
                       Defendants
16   _____/

17       Plaintiffs Andrea C. Laygo, Teresito M. Laygo, and Teresito Joselito Catalan (collectively,

18   "Plaintiffs") filed a complaint against Defendants World Savings Bank and Golden West Savings

19   Association Service Company (collectively, "Defendants") on October 26, 2012.  Complaint, ECF

20   No. 1 at 1.[1]  This means that, pursuant to the Federal Rule of Civil Procedure 4(m), Plaintiffs had

21   until February 23, 2013 to serve Defendants.  Fed. R. Civ. P. 4(m); *see also* Order to Show Cause,

22   ECF No. 9 at 1.  To date, Plaintiffs have filed no proof that Defendants have been served. *See*

23   *generally* Docket.  Because Plaintiffs had not filed any proof that Defendants had been served, on

24   March 5, 2013, the court ordered Plaintiffs to show cause, by filing a written response by March 21,

25   2013, why this case should not be dismissed without prejudice for failure to prosecute.  Order to

26   Show Cause, ECF No. 9 at 1.  The clerk of the court served Plaintiffs by mail, but all

27

28        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  correspondence to Plaintiffs has been returned undeliverable. *See* Dkt. Entries at ECF Nos. 4, 5, 7,

2  8, 10.

3  A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v.*

4  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for

5  failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1)

6  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

7  (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and

8  (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d

9  639, 642 (9th Cir. 2002); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide

10 and "are 'not a series of conditions precedent before the judge can do anything.'" *In re*

11 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006)

12 (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is

13 appropriate "where at least four factors support dismissal, . . . . or where at least three factors

14 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)

15 (quoting *Ferdik*, 963 F.2d at 1263).

16 Here, at least four factors favor dismissal. There is nothing in the record indicating that any

17 Defendants have been served, Plaintiffs have not filed any notification regarding a change in address,

18 and they have not prosecuted the case. This is not "expeditious litigation," and the court must keep

19 the cases on its docket moving. Also, there is no risk of prejudice to Defendants.

20 Because no party has consented to or declined the undersigned's jurisdiction, the court **ORDERS**

21 the Clerk to the Court to reassign this action to a district court judge. The court **RECOMMENDS**

22 that the newly-assigned district court judge dismiss this action without prejudice for failure to

23 prosecute. The March 28, 2013 show cause hearing is **VACATED**. Any party may file objections to

24 this Report and Recommendation with the district judge within fourteen days after being served with

25 a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an

26 objection may waive the right to review of the issue in the district court.

27 **IT IS SO ORDERED.**

28

C 12-05531 LB
ORDER; REPORT AND RECOMMENDATION          2

Dated: March 28, 2013

_____

LAUREL BEELER
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C 12-05531 LB
ORDER; REPORT AND RECOMMENDATION

3